```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

RON TEASLEY,                    )
                                )
        Plaintiff               )
                                )       No. 3:11-0484
v.                              )       Judge Campbell/Brown
                                )       **Jury Demand**
CORRECTIONAL MEDICAL SERVICES,  )
*et al.*,                       )
                                )
        Defendants              )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the motions to dismiss for failure to exhaust administrative remedies filed on behalf of the Defendants Davis, Elks, Gipson, Hodge, Jobe, McGee, Rhodes, Tidwell (Docket Entry 40), Lyboldt,(Docket Entry 43), and Bilbrey (Docket Entry 66), and Sgt. Sheila Howard (Docket Entry 59), be **GRANTED**.

Additionally, the Magistrate Judge recommends claims again all TDOC State Defendants in their official capacity be dismissed due to immunity, that all claims against CMS, and its employees other than Adelman and all TDOC employees be dismissed for failure to state a claim under Rule 12(b)(6).

Finally, it appears that the Plaintiff has lost contact with the court as mail sent to his last known address has been returned (Docket Entry 70). He was warned that failure to keep contact with the court could lead to dismissal of his case (Docket

Entry 53, p. 2). The Plaintiff has not responded to the motion to dismiss (Docket Entries 40, 43 and 59) within the time allowed.

## BACKGROUND

The Plaintiff sued Correctional Medical Services (CMS) Richard Curry, Executive Vice President; Dr. Adelman, a dentist employed by CMS; and a large number of Tennessee Department of Correction (TDOC) employees. All Defendants have now filed motions to dismiss for failure to exhaust administrative remedies (Docket Entries 40, 43, 59 and 66), with the exception of Sgt. Wendell Howard who was only finally served by the United States Marshal on September 28, 2011 (Docket Entry 61), CMS, Adelman, and Carter. The motions to dismiss (Docket Entries 40 and 43) were filed on August 15, 2011, and the Plaintiff has failed to respond to either of them. It appears that during the course of this litigation the Plaintiff has been released from custody and provided a notice of change of address on September 20, 2011 (Docket Entry 51). Unfortunately, it appears that some certified mail to the Plaintiff is being returned as unclaimed (*see* Docket Entries 69 and 70). Regular mail is not being returned.

## LEGAL DISCUSSION

The complaint alleges that he was sexually assaulted by a dentist while he was a prisoner in the custody of TDOC, which occurred at the latest by the end of May 2010. It appears that grievances concerning this incident were not filed until September

2

28, 2010, some four months after the incident. It appears that the Plaintiff did process this grievance through the final stages and his grievance was denied because he had not complied with the grievance procedure, as set forth in TDOC Policy 501.01 (Docket Entry 1-1, p. 1) as of February 15, 2011. As to all Defendants who have filed motions to dismiss for failure to exhaust administrative remedies, the Magistrate Judge believes that their motions on these grounds are well taken. As some of the Defendants point out in their memorandum in support (Docket Entry 41 and 43-1), the exhaustion of administrative remedies must be done properly. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). The Supreme Court specifically held:

> This case presents the question whether a prisoner can satisfy the Prison Litigation Reform Acts exhaustion requirements, 42 U.S.C. 1997(e)(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal. We hold that proper exhaustion of administrative remedies is necessary.

*Woodford v. Ngo*, at 2382.

As the Supreme Court points out, to hold otherwise would allow a prisoner to bypass the entire grievance procedure simply by filing a late grievance without providing any reason for failing to file on time. In this case the Plaintiff filed his grievance some four months after the alleged incident took place. In his complaint he provided no grounds as to why the grievance was filed late and he has failed to file any response to the motion to dismiss in which he offered any explanation for the delay in filing

3

his administrative grievance. Under these circumstances, the Magistrate Judge believes that the Plaintiff has failed to properly exhaust his administrative remedies, he has shown no grounds whatever for his delay in filing his grievance. Thus, the Defendants who have moved for dismissal on these grounds are entitled to a dismissal of the charges against them.

The Defendants CMS, Adelman, and Carter have not raised an exhaustion defense at this point. Since failure to exhaust administrative remedies is an affirmative defense, the Magistrate Judge cannot recommend dismissal of the claims at this point as to these three Defendants on exhaustion grounds.

The Magistrate Judge believes the TDOC Defendants are correct in their contention there is no *respondeat superior* liability. They have summarized this argument in their memorandum (Docket Entry 41, p. 3; Docket Entry 63, pp. 3-4). The Supreme Court has clearly indicated that the doctrine of *respondeat superior* is only a basis for a liability under 42 U.S.C. 1983, if there are allegations and proof of complicity. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Plaintiff's complaint is viewed in the light most favorable to the Plaintiff. He only alleges personal activity against him by the Defendant Adelman. The allegations against the TDOC Defendants and CMS Defendants are all for failure to investigate, failure to properly process his grievance, and other supervisory violations.

4

Since the Plaintiff is proceeding *in forma pauperis*, the Magistrate Judge may also recommend dismissal at any time under 28 U.S.C. 1915(A), if it is apparent that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Even though Sgt. Wendell Howard has not filed pleadings in the matter, the Magistrate Judge believes that he is also entitled to dismissal inasmuch as the Plaintiff's complaint does not state a cause of action against him, since the complaint only alleges supervisory responsibility. There is no allegation that Sgt. Wendell Howard directly participated in the alleged sexual assault on the Plaintiff. Under these circumstances, the Magistrate Judge believes that all TDOC and CMS Defendants, except Adelman, are entitled to dismissal under 28 U.S.C. § 1915A as well.

Additionally, TDOC and TDOC Defendants are correct that claims against them in their official capacity must be **DISMISSED** inasmuch as the State is immune under the Eleventh Amendment. *Berndt v. Tennessee,* 796 F.2d 879 (6th Cir. 1986).

The Magistrate Judge believes that the only Defendant remaining should be Edward Adelman, who is alleged to have directly participated in acts which could constitute a constitutional

5

violation and who has not filed a motion to dismiss for failure to exhaust administrative remedies.[1]

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that claims against all Defendants, except Edward Adelman, be **DISMISSED**, either for failure to exhaust administrative remedies, immunity, or failure to state a cause of action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 27th day of October, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1]Should the Plaintiff remain out of contact with the court, his case may well be subject to dismissal for failure to prosecute and obey court orders. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).