UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON TEASLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:11-0484 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED for failure to exhaust administrative remedies and for failure to obey Court orders (Docket Entries 79 and 82).

### BACKGROUND

The complaint in this matter alleges that the Plaintiff was sexually assaulted by Dr. Adelman, a dentist, while the Plaintiff was a prisoner in the Tennessee Department of Corrections (TDOC) sometime before the end of May 2010. It appears that Plaintiff did not file grievances concerning this incident until September 28, 2010, some four months after the incident. The Plaintiff did process that grievance through the final stages and his grievance was denied because he did not comply with the grievance procedures set forth in TDOC Policy 501.01 (Docket Entry 1-1, p. 1, Feb. 15, 2011).

All of the Defendants except Dr. Adelman previously filed motions to dismiss on the grounds that the Plaintiff had failed to properly exhaust his administrative remedies (Docket Entries 43, 66, 59). The Magistrate Judge issued a Report and Recommendation concerning those motions, as well as recommending dismissal for failure to obey Court orders and keep a current address on file with the Court (Docket Entry 71). The Plaintiff failed to respond to that Report and Recommendation and it was approved by the District Judge (Docket Entry 73) and all of the Plaintiff's complaint filed against Defendants, except Defendant Adelman, were DISMISSED.

Because of the Plaintiff's failure to respond to any of the pleadings in the matter, the Magistrate Judge issued a show cause order on December 27, 2011 (Docket Entry 79), directing the Plaintiff to show cause on or before January 18, 2012, why the Magistrate should not recommend dismissal of his case for failure to obey Court orders and to prosecute.

On December 28, 2011, Defendant Adelman filed a motion to dismiss for failure to exhaust administrative remedies (Docket Entry 82). In his memorandum in support of the motion (Docket Entry 82-1) he set out the time line concerning the alleged grievance and the proceedings in this case.

The Plaintiff has failed to respond to either the show cause order or to the motion to dismiss.

2

## LEGAL DISCUSSION

The Magistrate Judge adopts the previous recommendation (Docket Entry 71) concerning the basis for recommending dismissal for failure to obey Court orders and to prosecute his case. It is clear in this case that the Plaintiff has totally lost contact with the Court. It appears that all regular and certified mail sent to him have been unanswered and/or returned since mid-October 2011.

The motion to dismiss for failure to exhaust administrative remedies (Docket Entry 82) is well-taken. The exhaustion of administrative remedies must be done properly. In *Woodford v. Ngo*, 126 S. Ct. 2378 (2006) the Supreme Court specifically held:

> This case presents a question whether a prisoner can satisfy the Prison Litigation Reform Act exhausting requirements, 42 U.S.C. § 1997(e)(a) by filing an untimely or otherwise procedurally defective administrative grievance or appeal. We hold that proper exhaustion of administrative remedies is necessary.

*Woodford* at 2382.

To hold otherwise would allow a prisoner to bypass the entire grievance procedure simply by a filing a grievance without providing any reason for failing to file on time. In this case the Plaintiff filed his grievance four months after the alleged incident took place. In his complaint he provided no grounds as to why the grievance was filed late and has failed to file any response to the motion to dismiss in which he could have offered an explanation for the delay in filing.

3

Under these circumstances, the Magistrate Judge believes that the Plaintiff has failed to exhaust his administrative remedies and he has shown no grounds whatever for his delay in filing a grievance. Thus, Defendant Adelman is entitled to a dismissal of the charges against him.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff claims against the remaining Defendant Adelman be DISMISSED with prejudice for failure to exhaust administrative remedies, for failure to obey Court orders, and to prosecute his case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 2nd day of February, 2012

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge